## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA *ex rel.* JOHN UNDERWOOD | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 03-3983 |
| GENENTECH, INC. | ) ) | Judge Paul S. Diamond |
| Defendant. | ) ) ) | |

## SETTLEMENT AGREEMENT

The Parties hereby submit this executed Settlement Agreement in the above-captioned civil action.


Date:  November 21, 2011

## SETTLEMENT AGREEMENT

This Settlement Agreement and Release ("Settlement Agreement") is entered into among the United States of America, acting through the United States Department of Justice, (collectively the "United States"); defendant Genentech, Inc. ("Genentech"); and *qui tam* relator John Underwood ("Relator") (hereafter collectively referred to as "the Parties"), through their authorized representatives.

## RECITALS

A.    Genentech is a company incorporated in the state of Delaware, with headquarters and principal executive offices in South San Francisco, California.

B.    Relator is a resident of Florida.  He was employed by Genentech from December 1, 1986, to January 31, 2005.

C.    On July 3, 2003, Relator filed a *qui tam* action in the United States District Court for the Eastern District of Pennsylvania captioned United States ex rel. John Underwood v. Genentech, Inc., 2:03-CV-03983-PD, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b).  Relator filed an Amended Complaint on November 8, 2005, and a Second Amended Complaint on June 8, 2010.  (This litigation is hereafter referred to as the "Civil Action").

D.    Relator contends that Genentech submitted or caused to be submitted claims for payment to the Medicare Program ("Medicare"), Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1, and to the Medicaid Program, 42 U.S.C. §§ 1396-1396v.

E.    The Relator contends that he has certain civil claims against Genentech based on

1

the conduct alleged in the Second Amended Complaint filed on June 8, 2010 in the Civil Action (hereafter referred to as the "Covered Conduct").

      F.      This Settlement Agreement is made in compromise of disputed claims. This Settlement Agreement is neither an admission of facts or liability by Genentech nor a concession by the United States or Relator that the claims are not well founded. Genentech expressly denies the allegations of the Relator as set forth herein and in the Civil Action, and denies that it has engaged in any wrongful conduct related to those allegations in connection with the Covered Conduct. Neither this Agreement, its execution, nor the performance of any obligation under it, including any payment, nor the fact of settlement, is intended to be, or shall be understood as an admission of liability or wrongdoing, or other expression reflecting on the merits of the dispute by Genentech.

      G.      Relator claims entitlement under 31 U.S.C. § 3730(d) (2) to a share of the proceeds of this Settlement Agreement.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

2

## TERMS AND CONDITIONS

1.      Genentech agrees to pay the United States a total amount of $20,000,000 (the "Settlement Amount"). The Settlement Amount shall constitute a debt immediately due and owing to the United States on the Effective Date of this Agreement. Genentech shall discharge this debt by a payment to the United States of the Settlement Amount by electronic funds transfer pursuant to written wire-transfer instructions to be provided by the United States Attorney's Office for the Eastern District of Pennsylvania. Genentech agrees to make this electronic funds transfer no later than 15 business days after transmittal by facsimile or electronic mail of the wire-transfer instructions, or no later than 15 business days after the Effective Date of this Agreement, whichever is later.

2.      Conditioned upon the United States receiving the Settlement Amount from Genentech, the United States agrees to pay, as soon as feasible after receipt, the amount of $5,700,000 of the Settlement Amount to Relator by electronic funds transfer.

3.      Genentech and the Relator have entered into a separate agreement regarding the payment of Relator's attorney's fees and expenses.

4.      Subject to the exceptions in Paragraph 6 (concerning excluded claims) below, and conditioned upon Genentech's full payment of the Settlement Amount, the United States releases Genentech, together with Genentech's current and former parents, direct and indirect subsidiaries, sibling entities, affiliates, divisions, predecessors, successors, transferees and assigns, and their current and former individual directors, officers, employees, agents, and shareholders (hereinafter, collectively "Genentech Releasees"), individually and collectively

3

Settlement Agreement in <u>United States ex rel.</u>
<u>John Underwood v. Genentech, Inc.</u>
2:03-CV-03983-PD

from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; and the common law theories of payment by mistake, unjust enrichment, fraud, disgorgement of profits, and restitution.

      5.     Conditioned upon Genentech's full payment of the Settlement Amount and the amounts set forth in Paragraphs 1 and 2 of the separate agreement described in Paragraph 3 above, Relator, for himself and for his heirs, successors, attorneys, agents, and assigns, releases the Genentech Releasees from any and all rights, claims, expenses, debts, liabilities, demands, obligations, costs, damages, injuries, actions and causes of action of every nature, whether known or unknown, suspected or unsuspected, in law or in equity accruing at any point in time up to the present, including but not limited to any claim under any statutory or common law doctrines of retaliation, discrimination, harassment, hostile work environment, defamation, invasion of privacy, fraud, or misrepresentation. The foregoing sentence is intended to be interpreted as a general release. Furthermore, Underwood covenants not to sue Genentech, its current and former directors, officers, employees, agents, and shareholders of Genentech with respect to any and all rights, claims, expenses, debts, liabilities, demands, obligations, costs, damages, injuries, actions and causes of action of every nature, whether known or unknown, suspected or unsuspected, in law or in equity, including those for attorneys' fees and costs arising prior to the Effective Date of this Agreement.

      6.     Notwithstanding the release given in Paragraph 4 of this Settlement Agreement,

4

or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

     a.    Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

     b.    Any criminal liability;

     c.    Except as explicitly stated in this Settlement Agreement, any administrative liability, including mandatory or permissive exclusion from Federal health care programs;

     d.    Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

     e.    Any liability based upon obligations created by this Settlement Agreement;

     f.    Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;

     g.    Any liability for failure to deliver goods or services due; or

     h.    Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct.

7.    Relator and his heirs, successors, attorneys, agents, and assigns shall not object to this Settlement Agreement, and agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730. Conditioned upon

5

Settlement Agreement in United States ex rel.
John Underwood v. Genentech, Inc.
2:03-CV-03983-PD

Relator's receipt of the payment described in Paragraph 2 above, Relator and his heirs, successors, attorneys, agents, and assigns fully and finally release, waive, and forever discharge the United States, its agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730 relating to the Civil Action, and from any claims to a share of the proceeds of this Settlement Agreement other than described in Paragraph 2 above.

8.      Genentech waives and shall not assert any defenses Genentech may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Settlement Agreement bars a remedy sought in such criminal prosecution or administrative action. Nothing in this paragraph or any other provision of this Settlement Agreement constitutes an agreement by the United States concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

9.      Genentech fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses of every kind and however denominated) that Genentech has asserted, could have asserted, or may assert in the future against the United States, its agencies, officers, agents, employees, and servants, related to the Civil Action and the United States' investigation and prosecution thereof.

10.      The Settlement Amount shall not be decreased as a result of the denial of claims

6

for payment now being withheld from payment by any Medicare carrier or intermediary or any state payer, related to the Covered Conduct.

11.    Genentech agrees to the following, if applicable:

a.    Unallowable Costs Defined: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Genentech and/or its present or former officers, directors, employees, shareholders, and agents in connection with:

    1)  the matters covered by this Agreement;

    2)  the United States' audit(s) and civil and/or criminal investigation(s) of the matters covered by this Agreement;

    3)  Genentech's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil and/or criminal investigation(s) in connection with the matters covered by this Settlement Agreement (including attorneys' fees);

    4)  the negotiation and performance of this Agreement; and

    5)  the payment Genentech makes to the United States pursuant to this Settlement Agreement and any payments that Genentech may make to Relator, including costs and attorneys' fees,

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program ("FEHBP") (hereafter referred to as "Unallowable Costs").

      b.    Future Treatment of Unallowable Costs:  Unallowable Costs shall be separately determined and accounted for in nonreimbursable cost centers by Genentech, and Genentech shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Genentech or its subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

      c.    Treatment of Unallowable Costs Previously Submitted for Payment:  Genentech further agrees that within 90 days of the Effective Date of this Agreement it shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the unallowable costs.  Genentech agrees that the United States, at a minimum, shall be entitled to recoup from any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

      Any payments due after the adjustments have been made shall be paid to the United

8

States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Genentech or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Genentech or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

       d.      Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Genentech's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

       12.     This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 13 (waiver for beneficiaries paragraph), below.

       13.     Genentech agrees that it waives and shall not seek payment for any of the health care billings covered by this Settlement Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

       14.     Upon payment by Genentech of the Settlement Amount and the amounts set forth in Paragraph 1 and 2 of the separate agreement described in Paragraph 3 above, the Relator and Genentech shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and the United States shall then promptly file its consent thereto.

       15.     Except as otherwise agreed upon, each Party shall bear its own legal and other

9

costs incurred in connection with this matter, including the preparation and performance of this Settlement Agreement.

16.   Each party and signatory to this Agreement represents that it freely and voluntarily enters in to this Settlement Agreement without any degree of duress or compulsion.

17.   This Settlement Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Settlement Agreement is the United States District Court for the Eastern District of Pennsylvania. For purposes of construing this Settlement Agreement, this Settlement Agreement shall be deemed to have been drafted by all Parties to this Settlement Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

18.   This Agreement constitutes the complete agreement among the Parties with respect to the issues addressed herein. This Agreement may not be amended except by written consent of the Parties.

19.   The undersigned counsel represent and warrant that they are fully authorized to execute this Settlement Agreement on behalf of the persons and entities indicated below.

20.   This Settlement Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Settlement Agreement.

21.   This Settlement Agreement is binding on Genentech's successors, transferees, and assigns.

22.   This Settlement Agreement is binding on Relator's successors, transferees, heirs, and assigns and Relator's Counsels' transferees, heirs, and assigns.

Settlement Agreement in United States ex rel.
John Underwood v. Genentech, Inc.
2:03-CV-03983-PD

23.    All parties consent to the United States' disclosure of this Settlement Agreement, and information about this Settlement Agreement, to the public.

24.    This Settlement Agreement is effective on the date of signature of the last signatory to the Settlement Agreement ("Effective Date of this Agreement").  Facsimiles of signatures (including those in portable document format) shall constitute acceptable, binding signatures for purposes of this Settlement Agreement.

Settlement Agreement in United States ex rel.
John Underwood v. Genentech, Inc.
2:03-CV-03983-PD

FOR THE UNITED STATES OF AMERICA


Date:   11 - 8 - 11

ZANE DAVID MEMEGER
United States Attorney
Eastern District of Pennsylvania


Date:   11 - 8 - 11

MARGARET L. HUTCHINSON
Assistant United States Attorney
Chief, Civil Division
Eastern District of Pennsylvania


Date:   11 - 8 - 11

VIVECA D. PARKER
Assistant United States Attorney
Eastern District of Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA  19106


Date:

DANIEL A. SPIRO
JONATHAN M. PHILLIPS
Attorneys, Civil Division
United States Department of Justice
P.O. Box 261 - Ben Franklin Station
Washington, DC  20044


12

<u>FOR THE UNITED STATES OF AMERICA</u>

Date: _____          ZANE DAVID MEMEGER
                                        **United States Attorney**
                                        **Eastern District of Pennsylvania**


Date: _____          MARGARET L. HUTCHINSON
                                        **Assistant United States Attorney**
                                        **Chief, Civil Division**
                                        **Eastern District of Pennsylvania**


Date: _____          VIVECA D. PARKER
                                        **Assistant United States Attorney**
                                        **Eastern District of Pennsylvania**
                                        **615 Chestnut Street, Suite 1250**
                                        **Philadelphia, PA  19106**


Date: 11/8/11                           DANIEL A. SPIRO
                                        JONATHAN M. PHILLIPS
                                        **Attorneys, Civil Division**
                                        **United States Department of Justice**
                                        **P.O. Box 261 - Ben Franklin Station**
                                        **Washington, DC  20044**

12

**FOR DEFENDANT GENENTECH, INC.**

Date: 11/8/11

_____
FREDERICK C. KENTZ, III
**Senior Vice President**
**Genentech, Inc.**
**1 DNA Way**
**South San Francisco, CA  94080**


Date:

_____
KIMBERLY A. DUNNE
**Sidley Austin LLP**
**555 West Fifth Street, Suite 4000**
**Los Angeles, CA  90013**

JOHN N. GALLO
**Sidley Austin LLP**
**One South Dearborn**
**Chicago, Illinois  60603**

PAUL E. KALB
**Sidley Austin LLP**
**1501 K Street N.W.**
**Washington, DC  20005**


Date:

_____
ROBERT E. WELSH, JR.
CATHERINE M. RECKER
**Welsh & Recker P.C.**
**2000 Market Street, Suite 2903**
**Philadelphia, PA  19103**

13

Settlement Agreement in <u>United States ex rel.</u>
<u>John Underwood v. Genentech, Inc.</u>
2:03-CV-03983-PD

## FOR DEFENDANT GENENTECH, INC.

Date: _____    FREDERICK C. KENTZ, III
                                   Senior Vice President
                                   Genentech, Inc.
                                   1 DNA Way
                                   South San Francisco, CA 94080


Date: 11/9/11    _____
                 KIMBERLY A. DUNNE
                 Sidley Austin LLP
                 555 West Fifth Street, Suite 4000
                 Los Angeles, CA 90013

                 JOHN N. GALLO
                 Sidley Austin LLP
                 One South Dearborn
                 Chicago, Illinois 60603

                 PAUL E. KALB
                 Sidley Austin LLP
                 1501 K Street N.W.
                 Washington, DC 20005


Date: _____    ROBERT E. WELSH, JR.
                                   CATHERINE M. RECKER
                                   Welsh & Recker P.C.
                                   2000 Market Street, Suite 2903
                                   Philadelphia, PA 19103


13

**FOR DEFENDANT GENENTECH, INC.**

Date: _____      _____

FREDERICK C. KENTZ, III
Senior Vice President
Genentech, Inc.
1 DNA Way
South San Francisco, CA  94080

Date: _____      _____

KIMBERLY A. DUNNE
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013

JOHN N. GALLO
Sidley Austin LLP
One South Dearborn
Chicago, Illinois  60603

PAUL E. KALB
Sidley Austin LLP
1501 K Street N.W.
Washington, DC  20005

Date: *11/10/11*      _____

ROBERT E. WELSH, JR.
CATHERINE M. RECKER
Welsh & Recker P.C.
2000 Market Street, Suite 2903
Philadelphia, PA  19103

13

**FOR RELATOR JOHN UNDERWOOD**

Date: _____

JOHN UNDERWOOD

Date: 11/8/11

ELIZABETH K. AINSLIE
THERESA E. LOSCALZO
Schnader, Harrison, Segal & Lewis
1600 Market Street, Suite 3600
Philadelphia, PA  19103

14

## FOR RELATOR JOHN UNDERWOOD

Date: *11-8-11*                          JOHN UNDERWOOD

Date:                                    ELIZABETH K. AINSLIE
                                         THERESA E. LOSCALZO
                                         Schnader, Harrison, Segal & Lewis
                                         1600 Market Street, Suite 3600
                                         Philadelphia, PA  19103

14